## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT NEW YORK

**CHARON COINS, LLC**
250 E Wisconsin Ave.
Suite 1800
Milwaukee, WI 53202

      **Plaintiffs,**
v.

**Civil Action No. 7:21-cv-2777**

**SONEA GRIFFITHS,**
151 Park Ave.
Mt. Vernon, NY 10550,

      **Defendant.**
_____/

## COMPLAINT

Plaintiff CHAROIN COINS, LLC ("Charon"), by and through undersigned counsel, states the following as its complaint against Defendant Sonea Griffiths:

## INTRODUCTION

1. This is a straightforward case in which the buyer of goods is in possession of the goods and the purchase price, and refuses to rescind or perform the agreement between the parties. Plaintiff is in the business of buying and selling Bitcoin. It brings this action because in February, 2021 Charon in three separate transactions sold a total of 5.77483589 Bitcoin to Griffiths in return for promised payments totaling $258,000.00. Griffiths received and accepted Bitcoin and initially paid the purchase price to DJG Holdings, LLC ("DJG"), acting as Charon's agent for collection.

2. Shortly thereafter DJG's bank, BMO Harris, claimed an undisclosed affiant alleged wires to DJG were "fraudulent." As a result, BMO Harris froze DJG's account and then

reversed the wires, sending the purchase price back to Griffiths, who had already taken possession of the Bitcoin delivered by Charon.

3. In March 2021 Charon contacted Griffiths by email and by phone. Griffiths admitted receiving the Bitcoin and denied any fraudulent act or omission on the part of the Charon or DJG. In turn, Charon Coins offered to rescind or complete the transaction. Griffiths, without any legitimate basis, refused to pay for or return the Bitcoin and stopped responding to Charon's and its counsel's communications.

4. **At present, Griffiths has possession of both the Bitcoin and the purchase price, a situation that is patently unlawful and inequitable. Accordingly, Charon brings this action to recover the purchase price or the Bitcoin for which Griffiths has not paid.**

## NATURE OF ACTION

5. Charon seeks $258,000.00 in damages sustained as a result of a breach of contract by Griffiths.

6. Alternatively, Charon seeks return of 5.77483589 Bitcoin on grounds of unjust enrichment.

## PARTIES

7. Charon is a limited liability company organized under the laws of Colorado and maintaining its principal place of business at 250 E Wisconsin Avenue, Suite 1800, Milwaukee, WI 53202. DJG is a limited liability company, organized under the laws of Wisconsin and maintaining its principal place of business at 2415 N. Frederick Avenue, Milwaukee, WI 53211. DJG acts as Charon's agent for purposes of collecting payment for Bitcoin sold by Charon

8. Defendant is an individual residing at 151 Park Avenue, Mt. Vernon, NY 10550.

## JURISDICTION AND VENUE

9. This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Charon and the Griffiths and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. This Honorable Court has personal jurisdiction over Griffiths because she resides in the State of New York.

11. Venue is proper in the South District of NY because Griffiths resides in this district, committed the unlawful acts giving rise to this case in this District, and, upon information and belief, the property at issue is located in this District.

## FACTUAL ALLEGATIONS

12. Charon operates a proprietary trading in crypto currencies business buying cryptocurrencies with its own funds and reselling cryptocurrencies to customers at their requests for a mutually agreed-upon price. Transactions with customers are negotiated and entered into by email, text message, and over the phone.

13. Charon collects certain personal information from its customers to comply with Anti-Money-Laundering and Know-Your-Customer ("AML/KYC") rules and regulations.

14. On February 3, 2021 Griffiths agreed to and did purchase 1.6228053 BTC from Charon for $64,000. *See* Ex. A.

15. On February 8, 2021 Griffiths agreed to and did purchase 3.35685896 BTC from Charon for $154,000. *See* Ex. B.

16. On February 11, 2021 Griffiths agreed to and did purchase 0.79517163 BTC from Charon for $40,000. *See* Ex. C.

17. The subject transactions were negotiated over the phone and by email. In response to the Charon's KYC/AML due diligence questions, Griffiths provided copies of her driver's license and social security number. Also, on January 5, 2021, she executed a statement under the penalty of perjury attesting to the source of funds for the subject transactions. *See* Ex. D.

18. Charon fully performed its duties under the aforementioned agreements and conveyed to Griffiths 5.77483589 Bitcoin.

19. Griffiths initially wired the $258,000 purchase price for the Bitcoin into the bank account of DJG at BMO Harris, in accordance with Charon's instructions.

20. In a number of texts and recorded phone calls Griffiths confirmed she received the Bitcoin and was satisfied with Charon's performance. *See* Ex. E.

21. On or about February 15, 2021, BMO Harris informed DJG that it was freezing DJG's account because allegations of fraud were made by an undisclosed party. BMO Harris did not provide any specifics of these allegations other than a statement that "we saw an affidavit asserting fraud related to the wires into your account," including Griffith's wires. BMO Harris also suggested that Charon should contact customers who wired funds into the account to obtain further information.

22. Acting on the BMO Harris's suggestion, Charon called Defendant and three other customers who purchased Bitcoin from Charon and wired funds into DJG's account in the same time frame. Every customer, including Griffiths, confirmed on disclosed, recorded lines they received the Bitcoins they had bargained and paid for from Charon and denied that Charon or DJG had engaged in any fraudulent act or omission.

23. Thereafter, BMO Harris informed Charon it returned all of the wired funds to the respective senders, including Griffiths. *See* Ex. F.

24. Plaintiffs made phone calls to Griffiths and the three similarly situated customers to confirm their receipt of the reversed wires. Every customer except Griffiths confirmed receipt. Every customer except Griffiths agreed to resend the purchase price for their Bitcoin to Charon.

25. Charon made repeated attempts to contact Griffiths; however Griffiths refused to answer or return Charon's phone calls.

26. On March 16 Charon's attorneys sent a demand letter to Griffiths requesting she either (a) perform her agreements by repaying $258,000 to Charon or (b) rescind her agreement by returning the Bitcoin to Charon. *See* Ex. G.

27. Griffiths did not respond to counsel's letter, did not repay the $258,000 and retained possession of the Bitcoin.

28. On March 24, 2021 Charon contacted Griffiths again by phone and text. Again she refused to respond.

## COUNT ONE
## BREACH OF CONTRACT

29. Charon incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

30. A series of three contracts between Charon and Griffiths for the purchase and sale of Bitcoin are evidenced by an exchange of texts and/or emails and the parties' performance. *See* Ex. A, B, and C.

31. Charon performed its obligations under the contracts with Griffiths by delivering the agreed upon amount of Bitcoin to Griffiths. *See* Ex. E.

32. Because a third party (BMO Bank) returned Griffith's payment to her, Griffiths still owes Charon Coins $258,000 under three contracts for purchase of Bitcoin.

33. Griffiths' breaches of the three sales contracts are material, unexcused, and in bad faith.

34. As a direct, proximate, and foreseeable result of Griffith's breaches of the contracts, Charon have suffered and will continue to suffer damages in excess of $75,000, exclusive of interest and costs.

## COUNT TWO
## UNJUST ENRICHMENT

35. Charon incorporate the preceding paragraphs of this Complaint as if fully set forth herein, except for those alleging a contract between them and Griffiths.

36. Griffiths knew at all relevant times the terms of each of her respective agreements with Charon; that is, transfer of the Bitcoin by Charon to her and her payment of $258,000 to DJG.

37. After BMO Harris returned the purchase price back to Griffiths, she knew it would be unjust and unlawful to retain both the Bitcoin and the funds. Yet that is exactly what she has done.

38. Griffiths has been enriched at Plaintiffs' expense.

39. Allowing Griffiths to retain the Bitcoin she received from Charon without payment is an affront equity and good conscience. *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011).

40. Charon comes to this Honorable Court with clean hands.

41. Accordingly, Griffiths must return the Bitcoin to Charon.

**WHEREFORE**, Charon respectfully requests this Honorable Court enter judgment in its favor and against Griffiths as follows:

A. Award Charon damages of $258,000.00 for breach of contract;

B. Alternatively, enjoin Griffiths to return 5.77483589 Bitcoin to Charon (or the value of such Bitcoin at the time judgment is entered, whichever is more valuable);

C. Award Charon its attorneys' fees and litigation expenses incurred in this action;

D. Award Charon its costs; and

E. Such other relief as this Honorable Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury for any issue so triable.

March 31, 2021                                              Respectfully submitted,

**/s/ Evgenia V. Sorokina**
Evgenia Sorokina (N.Y. Bar No. 4607479)
**OSTER MCBRIDE, PLLC**
1320 19th Street, N.W., Suite 601
Washington, DC, 20036
esorokina@ostermcbride.com

*Attorneys for Charon Coins, LLC
and DJG Holdings LLC*